**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RANDALL N. WIIDEMAN, ) | Case No.: 2:09-CV-00596-GMN-LRL |
| Plaintiff, ) | **ORDER** |
| vs. ) | (Plaintiff's Motion for Summary Judgment--#24; |
| ) | Defendant's Motion to Dismiss--#26; |
| CONNOR WOLF, ) | Plaintiff's Motion to Strike--#29) |
| Defendant ) | |

**INTRODUCTION**

Before the Court are competing dispositive motions and a motion to strike. On April 24, 2010, Plaintiff Randall Wiideman filed his Motion for Summary Judgment (#24). Defendant Connor Wolf then filed his own Motion to Dismiss (#26) on May 6, 2010. On May 11, 2010, Defendant filed a response (#28) to Plaintiff's motion, and on May 18, 2010, Plaintiff filed his reply (#32). In response to Defendant Wolf's motion to dismiss, Plaintiff filed a Motion to Strike (#29) on May 13, 2010. Defendant filed a response (#33) on May 25, 2010. In addition to the motion to strike, Plaintiff also filed a response (#30) to Defendant's motion to dismiss on May 18, 2010.

The Court has considered the pleadings filed by both parties and based on the following analysis and discussion will grant Defendant's motion to dismiss and deny Plaintiff's motion for summary judgment and motion to strike.

**BACKGROUND**

Plaintiff Wiideman is an inmate at Southern Desert Correction Center. On March 6, 2009, Plaintiff filed suit in the Eighth Judicial Court, Clark County, Nevada. (Compl., #23). His suit was removed to this Court and his complaint entered on January 8, 2010. (*Id.*; Petition

for Removal, #1).

Plaintiff considers himself a "jailhouse lawyer." (Motion at 3, #24). Plaintiff alleges that on December 17, 2008, Defendant came into his cell and took two legal files belonging to other inmates. (Compl. at 1, #23). Plaintiff claims that he was allowed to possess those files pursuant to prison administrative regulations. (*Id.*). Next, Plaintiff argues that Defendant subsequently wrote a notice of disciplinary charges stating that plaintiff was charging people for legal services, something Plaintiff denies there is any basis for. (*Id.*). Plaintiff concedes the charge was dropped, but accuses Defendant of being "part of a continuous administrative scheme of bringing continuously false disciplinary charges upon Plaintiff[,] violating the 1st and 14th Amendments of the Constitution." (*Id.*).

Based on these factual allegations, Plaintiff brought the instant suit pursuant to 42 U.S.C. § 1983 seeking monetary damages, punitive damages, and costs and fees. (*Id.*).

## DISCUSSION

I. **LEGAL STANDARDS**

   A.     **12(b)(6) Legal Standard**

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See North Star Int'l. v. Arizona Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 127 S. Ct. 1955, 1964 (2007). However, facts must be

sufficient to edge a complaint from the conceivable to the plausible in order to state a claim. *Id.* In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

The Supreme Court recently clarified that, in order to avoid a motion to dismiss, the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ---- U.S. ----, 129 S. Ct. 1937, 1949 (2009). The Court in *Ashcroft* further stated "[w]here a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* Therefore, merely making an allegation is not enough to survive a motion to dismiss; facts that a particular defendant may plausibly be liable for the alleged conduct must be pled.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Fed. R. Evid. 201, a court may take judicial notice of "matters of public record." *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

**B.     Rule 56 Legal Standard**

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the material facts before the court. *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is proper if the evidence shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). As summary judgment allows a court to dispose of factually unsupported claims, the court construes the evidence in the light most favorable to the nonmoving party. *Bagdadi v. Nazari*, 84 F.3d 1194, 1197 (9th Cir. 1996).

In evaluating the appropriateness of summary judgment, three steps are necessary: (1) determining whether a fact is material; (2) determining whether there is a genuine issue for the trier of fact, as determined by the documents submitted to the court; and (3) considering that evidence in light of the appropriate standard of proof. *Id.* As to materiality, only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes which are irrelevant or unnecessary will not be considered. *Id.* Where there is a complete failure of proof concerning an essential element of the nonmoving party's case, all other facts are rendered immaterial, and the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323. Summary judgment is not a disfavored procedural shortcut, but an integral part of the federal rules as a whole. *Id.*

**C.     Pro Se Legal Standard**

Allegations by *pro se* petitioners, "however inartfully pleaded," are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Thus, where a plaintiff appears in *pro se* in a civil rights case, the court must construe

the pleadings liberally and afford the plaintiff any benefit of the doubt. *See Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623–24 (9th Cir. 1988). Although the Court must construe the pleadings liberally, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987); *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure."); *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) ("[P]ro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record.").

Where an imprisoned petitioner appears *pro se*, the Ninth Circuit has acknowledged that it may be "appropriate to apply the requirements of the summary judgment rule with less than 'strict literalness.'" *Jacobsen*, 790 F.2d at 1365 n.4. Prisoners have unique limitations as a result of their detention. *See Hudson v. Hardy*, 412 F.2d 1091, 1094 (D.C. Cir. 1968) (noting "handicaps . . . detention necessarily imposes upon a litigant."). Despite the relaxed standard, "a district court is 'not required to comb the record to find some reason to deny a motion for summary judgment.'" *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001) (quoting *Forsberg v. Pac. N.W. Bell Tel. Co.*, 840 F.2d 1409, 1418 (9th Cir. 1988)).

**II.   ANALYSIS**

In Defendant's motion to dismiss, he raises Plaintiff's failure to exhaust his administrative remedies. The Court's analysis begins and ends here as this is dispositive of Plaintiff's claim. Furthermore, contrary to Plaintiff's arguments in his motion to strike and response to Defendant's motion, the Court is not obligated to consider his motion for summary judgment first, nor was Defendant obligated to file a response to Plaintiff's motion prior to filing his own motion to dismiss. Rule 12(f) permits the Court to strike any pleadings which it considers "redundant, immaterial, impertinent, or scandalous" or an "insufficient defense." Fed. R. Civ. P. 12(f). Defendant's motion to dismiss is none of these.

**A.    Legal Standard for Exhaustion**

In 1995, Congress addressed the large number of prisoner complaints filed in federal court with the Prison Litigation Reform Act of 1995 ("PLRA"), 110 Stat. 1321–71, as amended, 42 U.S.C. § 1915A; 42. U.S.C. § 1997e(a).  PLRA intended to "reduce the quantity and improve the quality of prisoner suits." *Jones v. Bock*, 549 U.S. 199, 203–04, 127 S. Ct. 910 (2007) (quoting *Porter v. Nussle*, 534 U.S. 516, 524, 122 S. Ct. 983 (2002)).  "Among other reforms, the PLRA mandates early judicial screening of prisoner complaints and requires prisoners to exhaust prison grievance procedures before filing suit." *Id.* at 202.  42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

It is clearly established that the PLRA "does not impose a pleading requirement" on the prisoner-plaintiff, but rather "creates a defense [and the] defendants have the burden of raising and proving the absence of exhaustion." *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). The Supreme Court has held that "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones*, 549 U.S. at 216.  This Circuit has held that "failure to exhaust nonjudicial remedies that are not jurisdictional should be treated as a matter in abatement, which is subject to an unenumerated Rule 12(b) motion rather than a motion for summary judgment."[1]  *Wyatt*, 315 F.3d at 1119.  The court may look beyond the pleadings, but "dismissal of an action on the

---

[1] It should be noted that some courts have questioned the continuing vitality of *Wyatt* in light of the Supreme Court decision in *Jones*.  *See, e.g.*, *Chatman v. Johnson*, No. CIV S-06-0578, 2007 WL 2023544 (E.D. Cal. 2007); *Gregory v. Adams*, No. CIV S-05-1393, 2007 WL 2481769 (E.D. Cal. 2007); *Maraglia v. Maloney*, 499 F.Supp.2d 93 (D. Mass. 2007).  This is based on the concern that treating failure to exhaust as an affirmative defense would require consideration on summary judgment rather than an unenumerated 12(b) motion.  However, as identified by other district courts, *Jones* does not appear to disturb the analysis in *Wyatt* "that failure to exhaust is a matter in abatement because *it does not go to the merits* of plaintiff's claim." *Jensen v. Knowles*, 621 F.Supp.2d 921, 925 (2008) (emphasis in original); *see also Masse v. Miller-Stout*, 2008 WL 4065928 at *2 (E.D. Wash. 2008). Further, the Supreme Court cited *Wyatt* as an example of treating exhaustion as an affirmative defense.  *Jones*, 549 U.S. at 205 n.2.

ground of failure to exhaust administrative remedies is not on the merits." *Id.* (quoting *Heath v. Cleary*, 708 F.2d 1376, 1380 n.4 (9th Cir. 1983)).

Therefore, in order to bring a claim in federal court the prisoner must exhaust administrative remedies by "complet[ing] the administrative review process in accordance with the applicable procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 88, 126 S. Ct. 2378 (2006). However, the rules "are defined not by the PLRA, but by the prison grievance process itself. Compliance with prison grievance procedures, therefore, is all that is required to 'properly exhaust.'" *Jones*, 549 U.S. at 218.

### B. Plaintiff's Failure to Exhaust

Applicable to any grievances that Plaintiff may have while in prison, the State of Nevada's Administrative Regulation ("AR") 740 provides inmates with a formal grievance procedure that has three levels of review. (AR 740.02.1.1.1, #26 Ex. A). Inmates are to use AR 740 to resolve redressable inmate claims including, but not limited to personal property, property damage, disciplinary appeals, personal injuries, and any other tort claim or civil rights claim relating to conditions of institutional life. (*Id.* § 740.02.1.2.1). An inmate who is dissatisfied with the response to a grievance at any level may appeal the grievance to the next level, within the substantive and procedural requirements outlined in AR 740. (*Id.* § 740.02.1.1.1.4).

Plaintiff is well aware of this process, as evidenced by they amount of grievances he has filed with the prison. Defendant attaches copies of Plaintiff's inmate history report, notice of charges, and disciplinary history, authenticated by the affidavit of Jill Davis. (*See* Inmate Issue History, #26 Ex. B; Notice of Charges, #26 Ex. C). The printout attached to Defendant's motion demonstrates that there were no grievances filed by Plaintiff regarding the events alleged in his complaint. The printout covers September 2008 through May of 2009. As Plaintiff was required to commence the grievance process for any claim within six months of the date on which the grievance arose, and he did not do that, he has failed to exhaust his administrative remedies.

(*See* AR 740.02, #26 Ex. A). Therefore, Plaintiff's complaint must be dismissed.

## CONCLUSION

IT IS HEREBY ORDERED THAT Plaintiff Randall Wiideman's Motion for Summary Judgment (#24) is DENIED.

IT IS FURTHER ORDERED THAT Defendant Connor Wolf's Motion to Dismiss (#26) is GRANTED and Plaintiff's complaint is dismissed for failure to exhaust administrative remedies.

IT IS FURTHER ORDERED THAT Plaintiff Randall Wiideman's Motion to Strike (#29) is DENIED.

IT IS SO ORDERED this 13th day of July, 2010.

_____
Gloria M. Navarro
United States District Judge